**Julia BASILE, Plaintiff–Counter–defendant–Appellee,**

v.

**Walter SPAGNOLA, Defendant–Counter–claimant–Appellant**

**Frances Rosales, Donny Eschrich, Andrew Scarpulla, The New York State Thurway Authority, Richard Iuele, Defendants.**

No. 07–3404–cv.

United States Court of Appeals, Second Circuit.

Sept. 22, 2009.

---

* The Honorable Christopher F. Droney, United States District Court for the District of Con- necticut, sitting by designation.

Drita Nicaj, Lovett & Gould, LLP, White Plains, NY, for Plaintiff–Appellee.

Elana L. Yeger, Law Office of Elana L. Yeger, Spring Valley, NY, for Defendant–Appellant.

Present: ROGER J. MINER, CHESTER J. STRAUB and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Appellant Walter Spagnola appeals from a final judgment of the district court after a June 21, 2007 jury verdict awarding Appellee Julia Basile $150,000.00 in compensatory damages and $50,000.00 in punitive damages in her action against Spagnola pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

■ Spagnola argues that the district court erred by denying his motion for judgment as a matter of law under Federal Rule of Civil Procedure Rule 50. We review the court's denial de novo, requiring the movant to show that there is no legally sufficient evidentiary basis for a reasonable jury to find in favor of the nonmovant. *Cross v. N.Y. City Transit Auth.,* 417 F.3d 241, 247–48 (2d Cir.2005). In reviewing the sufficiency of the evidence, we draw all inferences in favor of the nonmoving party; this means we cannot determine the credibility of witnesses, weigh conflicting evidence, or substitute our judgment for that of the jury. *Gronowski v. Spencer,* 424 F.3d 285, 291–92 (2d Cir.

2005). We may not retry the case ourselves. *Id.* at 292. We may only overturn a jury's verdict when no evidence exists to support that result, or there exists such overwhelming evidence in favor of the appellant that the verdict is unreasonable. *LeBlanc–Sternberg v. Fletcher,* 67 F.3d 412, 429 (2d Cir.1995).

■ In this case, Basile presented testimony from herself and two other witnesses about multiple incidents of inappropriate behavior by Spagnola. These witnesses detailed inappropriate behavior by Spagnola, including touching Basile's thighs and breasts, offering her job security in return for sex, and showing up uninvited at Basile's residence. Based on the offensive behavior described, the jury's conclusion was reasonable. The evidence was sufficient to find that there was a hostile work environment because such conduct was hostile, severe, and abusive. *See Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 767–68 (2d Cir.1998). The court properly denied Spagnola's Rule 50 motion.

■ Spagnola also argues that the district court erred in denying his *in limine* motions regarding Basile's prior sexual conduct and a conviction for petit larceny. We review the district court's evidentiary rulings for abuse of discretion. *United States v. Fell,* 531 F.3d 197, 209 (2d Cir. 2008).

■ The district court did not abuse its discretion when it denied Spagnola's motion *in limine* concerning Basile's sexual conduct at the workplace. Under Federal Rule of Evidence 412, evidence of a plaintiff's sexual behavior or sexual predisposition is inadmissible except in limited circumstances when the prejudicial effect of the evidence is substantially outweighed by its probative value. FED.R.EVID. 412.

We have previously held that Rule 412 applies to sexual harassment lawsuits.

*Wolak v. Spucci*, 217 F.3d 157, 160 (2d Cir.2000). We have also established that a plaintiff's private sexual behavior does not change her expectations or entitlement to a workplace free of sexual harassment. *Id.* Spagnola sought to introduce testimony that Basile had flashed her breasts at the workplace when Basile was off-duty. Spagnola did not witness the event himself, relying on hearsay from a co-worker. The court declined to admit the evidence, finding that the prejudicial effect of the evidence outweighed the probative value. However, the court stated that the ruling was merely a preliminary one, and provided Spagnola the opportunity to produce eyewitnesses who could testify as to the incident. He failed to do so. In light of this, it was not an abuse of discretion for the court to deny Spagnola's motion *in limine* and preclude evidence of Basile's sexual conduct.

■ The district court also did not err when it refused to admit evidence of Basile's prior conviction for petit larceny. Spagnola wished to use Basile's conviction to impeach her, alleging she had misrepresented her criminal history on her job application. The court provided Spagnola with the opportunity to glean the impeachment value of the conviction through a specific question targeted at uncovering her alleged deceit, not the fact of the conviction itself. Spagnola took the opportunity to do so. He now alleges that this was insufficient and that Basile's prior conviction should have been automatically admissible.

Prior convictions may be admissible in order to impeach a witness's credibility. FED.R.EVID. 609. However, where the record indicates that Spagnola did not provide sufficient evidence for the district court to determine the facts underlying the petit larceny conviction or whether the date of conviction was more than ten years earlier, the district court could not properly engage in the analysis required by Rule 609. The court did allow Spagnola to attack Basile's credibility more generally. The court did not abuse its discretion.

Accordingly, the district court judgments denying the Rule 50 motion and denying the motions *in limine* are hereby AFFIRMED.